IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:03CR463 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| DONNA J. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

    I am in receipt of the revised presentence investigation report and addendum in this case and the defendant's objection (filing 106).

    IT IS ORDERED that:

    (1)    The undersigned will consult and follow the Guidelines to the extent permitted and required by <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-<u>Booker</u> departure theory; and (f) in cases where a departure using pre-<u>Booker</u> departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

    (2)    The defendant's objection (filing 106) to the presentence report as to the amount of loss, role in the offense, enhancement for abuse of a position of trust, lack of reduction for acceptance of responsibility, and conflict with plea agreement will be taken up a sentencing.  The defendant's objection (filing 106 ¶ 5) that enhancements

must be proven beyond a reasonable doubt is denied for the reason that there is no authority for such a proposition and I decline to exercise my discretion to impose such a requirement.

(3)   The Court gives notice that, having accepted the plea and the plea agreement, it will deviate (not depart) from the advisory Guidelines to enforce the terms of the Rule 11(c)(1)(C) plea agreement with respect to the agreed prison sentence even if the objections to the plea agreement are not sustained and even if the presentence report stands unchanged.  In particular, and because of the extremely unusual circumstances of this case, I will deviate from the advisory Guidelines and impose a lesser prison sentence than called for under the advisory Guidelines because, after balancing the alternative of a lengthy and complex trial and a greater prison sentence (27 to 33 months) against the alternative of a plea with a lesser prison sentence (1 year and one day), the United States of America benefits more by enforcing the plea agreement than insisting upon the implementation of a sentence consistent with the advisory Guidelines.

(4)   The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(5)   If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(6)   Absent submission of the information required by paragraph 5 of this order, my tentative findings may become final.

(7) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED June 6, 2005.

                                        BY THE COURT:

                                        s/ Richard G. Kopf
                                        United States District Judge