IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:03CR463 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| DONNA J. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the revised presentence investigation report and addendum in this case and the defendant's objections and motion for downward departure/deviation (filing 177).

IT IS ORDERED that:

(1) The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2) The defendant has filed objections to the presentence report (filing 177,

1

part 1) and motion for downward departure and deviation from the sentencing guidelines. (Filing 177, part 2.) She has also submitted a thoughtful brief in support. (Filing 178.) I am able to resolve many of the objections and portions of the motion now. However, other issues must be resolved at sentencing. To be specific:

- A. The objection that the jury did not find a specific loss amount based upon proof beyond a reasonable doubt and thus the court is without authority to find a loss amount in excess of the minimum under the Guidelines is denied. There is no precedent from the Court of Appeals or the Supreme Court that supports the defendant's objection.

- B. The objection to the amount of the loss will be determined at sentencing with the burden of proof on the government to prove the amount of loss by the greater weight of the evidence.

- C. The objection to the amount of restitution will be determined at sentencing with the burden of proof on the government to prove the amount of restitution by the greater weight of the evidence.

- D. The defendant's objection to the enhancement for obstruction of justice is sustained. This is a very close question because of the defendant's clearly contradictory sworn statements regarding Denay Ward made during two earlier court proceedings. Nevertheless, the Guidelines require that I construe the defendant's statements liberally so as to avoid punishing the defendant for exercising her constitutional rights. U.S.S.G. § 3C1.1, comment (n.2). When I apply that principle to the defendant's statements, I am persuaded that the stress of these proceedings, rather than a culpable intent, may have caused the misstatements.

- E. The defendant's objection to the aggravated role in the offense is sustained. Having heard the evidence at trial, I am persuaded by the greater weight of the evidence that Ms. Johnson acted alone within the meaning of the Guidelines despite the fact that welfare recipients were induced to take money and then give Ms. Johnson

money in return. The aggravating role adjustment is only applicable when there are other "participants." U.S.S.G. § 3B1.1 & comment (n.1). A person who is "not criminally responsible for the commission of the offense . . . is not a participant." U.S.S.G. § 3B1.1 comment (n.1). Here there is insufficient evidence in the record to establish that the welfare recipients had a culpable (criminal) state of mind. In fact, the government has not sought to charge any of those poor unfortunates. Hence, without evidence of culpability on the part of the recipients, they cannot be considered "participants." As a result, the aggravating role adjustment does not apply to the defendant.

F.  Taking judicial notice of the trial record, the defendant's objection to an enhancement for abuse of a position of trust and use of special skills is denied. Ms. Johnson was afforded an enormous amount of discretion and trust in her position as a case worker. She was essentially unsupervised when it came to the disbursal of welfare benefits. Ms. Johnson used this trust and discretion as an integral and significant part of her crime. Still further, Ms. Johnson had special access to, and special training in, Nebraska's computer system. She used that system as a significant and integral part of her crime. Thus, the enhancement under U.S.S.G. § 3B1.3 is appropriate.[1]

G.  The defendant's motion for departure or deviation premised on this case being "outside the heartland" is denied. There has been no adequate showing that this factor exists in kind or degree sufficient to warrant a departure or deviation. (See Ms. Johnson's brief, filing 178 at 4-6 (Outside the Heartland). In any event, and in the exercise of my discretion, and assuming everything Ms. Johnson states in her brief is true, I would not depart or deviate based upon this case being outside the heartland. Indeed, if any "outside the heartland" departure or deviation is warranted, it would be upward and not downward.

---

[1]Neither the base offense level nor any specific offense characteristic encompass this enhancement. As a result, there is no double-counting.

3

  H. The defendant's motion for departure or deviation premised upon post-offense rehabilitation and family responsibilities is denied. There has been no adequate showing that these factors exist in kind or degree sufficient to warrant a departure or deviation. (See Ms. Johnson's brief, filing 178 at 6 (Post- Offense Rehabilitation) and filing 178 at 7-8 (Family Responsibilities). In any event, and in the exercise of my discretion, and assuming everything Ms. Johnson states in her brief is true, I would not depart or deviate based upon post-offense rehabilitation and family responsibilities.

  I. Ms. Johnson's motion for departure or deviation based upon diminished capacity will be resolved at sentencing. In particular, I wish to consider the evidence that counsel asserts will be available at the time of sentencing. (See Ms. Johnson's brief, filing 178 at 7.)

  J. In summary, left for resolution at sentencing are (I) the objections to loss and restitution and (ii) defendant's motion for departure or deviation based upon diminished capacity.

 (3) The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

 (4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

 (5) Absent submission of the information required by paragraph 4 of this order, my tentative findings may become final.

 (6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

November 3, 2005.　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　s/ *Richard G. Kopf*
　　　　　　　　　　　　　　　　United States District Judge